IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL SHAW, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:11CV 449 |
| ) | |
| v. ) | Trial By Jury Demanded |
| ) | |
| NORFOLK SOUTHERN RAILWAY ) | |
| COMPANY, a corporation, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT AND JURY DEMAND

The Plaintiff, MICHAEL SHAW, by his attorneys, Harrington, Thompson, Acker & Harrington, Ltd., and complaining of the Defendant, Norfolk Southern Railway Company, a corporation, (hereinafter "NSRC") states:

1. Subject matter jurisdiction for the Plaintiff's cause of action against NSRC exists under the Federal Employers' Liability Act pursuant to 45 U.S.C. §51; 45 U.S.C. §56 and 28 U.S.C. §1331.

2. Venue for this cause of action exists in the United States District Court for the Northern District of Indiana pursuant to 28 U.S.C. §1391(b).

3. Plaintiff is a resident of Twelve Mile, Cass County, Indiana.

4. The Defendant, NSRC, is a corporation doing business as a common carrier for hire, engaged in interstate commerce by rail in various states of the United States, including the state of Indiana.

5. The Plaintiff has been employed by Defendant in train service, and his duties were in furtherance of interstate commerce for Defendant.

6. On and before December 17, 2008 and at all times alleged herein, the Plaintiff, MICHAEL SHAW was employed by the Defendant, NSRC, as a brakeman/conductor and his duties as such were in furtherance of interstate commerce.

7. At the time and place aforesaid, both the Plaintiff, MICHAEL SHAW, and the Defendant, NSRC, were subject to an Act of Congress commonly known as the Federal Employers' Liability Act, Title, 45 U.S.C. §§51-60.

8. On or about December 17, 2008, at approximately 12:30a.m., Plaintiff was injured while working for Defendant at or near Athens, Fulton County, Indiana.

9. At the time and place aforesaid, Plaintiff's normal terminal was Peru, Indiana. As a result of a crew scheduling problem, Plaintiff was ordered by Defendant to report for work in Fort Wayne, Indiana.

10. Under normal operations, Defendant would provide Plaintiff with transportation from Peru to Fort Wayne by taxi service. However, on the evening of December 16, 2008 and the early morning of December 17, 2008, the taxi service that Defendant used had suspended operations because snow and ice conditions had made roads too hazardous for safe travel.

11. At the time and place aforesaid, despite Defendant's knowledge of the hazardous road conditions, Plaintiff was instructed to use his own vehicle to drive from his home in Twelve Mile, Indiana to Fort Wayne, Indiana.

12. At the time and place aforesaid, Plaintiff attempted to proceed from his home in Twelve Mile, Indiana to Fort Wayne, Indiana using his own motor vehicle. Because of snow and ice conditions, driving conditions were sick and hazardous.

13.     At the time and place aforesaid, Plaintiff's vehicle was proceeding eastbound on SR 114, as a result of the aforesaid hazardous driving conditions, Plaintiff's motor vehicle was caused to strike a utility pole adjacent to the roadway. As a result thereof, Plaintiff sustained serious injury.

14.     At the time and place aforesaid, Plaintiff was acting within the scope of his employment and in furtherance of Defendant's business.

15.     At the time and place aforesaid, pursuant to the Federal Employers' Liability Act, 45 U.S.C. §51 et seq., it was Defendant's duty to Plaintiff to exercise ordinary care to furnish Plaintiff with a reasonably safe place to work.

16.     At the time and place aforesaid, Defendant's duty to provide Plaintiff with a reasonably safe place to work was non-delegable.

17.     At the time and place aforesaid, notwithstanding its duties to Plaintiff, Defendant was careless and negligent in one or more of the following particulars and thereby caused injury to Plaintiff:

   a)   In failing to exercise ordinary care to furnish Plaintiff with a reasonably safe place to work;

   b)   In failing to use reasonably safe methods and procedures with respect to its crew assignment operations;

   c)   In failing to exercise ordinary care in not checking weather and road conditions before ordering Plaintiff to travel from Twelve Mile, Indiana to Fort Wayne, Indiana to report for work;

   d)   In failing to warn Plaintiff of the unsafe weather and road conditions;

   e)   In directing Plaintiff to report for work in Fort Wayne, Indiana when it knew or should have known that it was exposing Plaintiff to an unreasonable risk of injury in requiring Plaintiff to drive from Twelve Mile, Indiana, to Fort Wayne, Indiana in hazardous weather and driving conditions;

f) In failing to suspend train operations until adverse weather conditions and hazardous driving conditions had ameliorated so that Plaintiff could safely travel by road from Twelve Mile, Indiana to Fort Wayne, Indiana.

g) In not assigning the work involved to an employee who lived closer to Fort Wayne, Indiana, who would not be exposed to hazardous weather and driving conditions;

h) In failing to instruct Plaintiff not to attempt to drive from Twelve Mile, Indiana to Fort Wayne, Indiana, until adverse weather and driving conditions had ameliorated;

i) In allowing unsafe practices to become common practice.

16. At the time and place aforesaid, the Plaintiff, MICHAEL SHAW, sustained injuries of a personal and pecuniary nature, and sustained other recoverable damages supported by the evidence and permitted by law, all resulting, in whole or in part, from one or more violations by the Defendant of the Federal Employers' Liability Act.

WHEREFORE, the Plaintiff, MICHAEL SHAW, prays for judgment against the Defendant, NSRC, in a dollar amount sufficient to satisfy the jurisdictional limitations of this court, plus whatever additional amount the court and the jury deem proper as compensatory damages, plus the costs of this lawsuit.

Respectfully submitted,

Robert B. Thompson
Laurence C. Acker
Robert E. Harrington, III (No. 24616-45)
Harrington, Thompson, Acker & Harrington, Ltd.
180 North Wacker Drive, Suite 300
Chicago, Illinois 60606
312/332-8811
312/332-2027 Fax
htah@harringtonlaw.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MICHAEL SHAW, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | Trial By Jury Demanded |
| | ) | |
| NORFOLK SOUTHERN RAILWAY COMPANY, a corporation, | ) ) ) | |
| Defendant. | ) | |

### JURY DEMAND

The Plaintiff, by his attorneys, Harrington, Thompson, Acker & Harrington, Ltd., hereby demand trial by jury.

Respectfully submitted,

*/s/ Robert B. Thompson*
Robert B. Thompson
Laurence C. Acker
Robert E. Harrington, III (No. 24616-45)
Harrington, Thompson, Acker & Harrington, Ltd.
180 North Wacker Drive, Suite 300
Chicago, Illinois 60606
312/332-8811
312/332-2027 Fax
htah@harringtonlaw.com